SAMUEL J. FORTIER
FORTIER & MIKKO, P.C.
1600 A Street, Suite 101
Anchorage, AK 99501
Telephone: (907) 277-4222
Facsimile: (907) 277-4221
Email: sfortier@fortiermikko.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| TANYA KVASNIKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**COMPLAINT**

COMES NOW Plaintiff, Tanya Kvasnikoff, through counsel, and for her Complaint alleges and states as follows:

1. Tanya Kvasnikoff is a citizen of Togiak, Alaska.

2. The United States of America, through its agency, the Bureau of Indian Affairs (hereinafter referred to as "BIA"), contracts with the Bristol Bay Native Association (hereinafter referred to as "BBNA") under the authority of the Indian Self-

Determination and Education Act of 1974, as amended (hereinafter referred to as the "ISDEA").

3. The BBNA is a consortium of Alaska Native villages operating one or more compact(s) and/or contract(s) under and pursuant to the Indian Self-Determination and Education Act, 25 U.S.C. § 450, *et seq.*

## JURISDICTION AND VENUE

4. The court has jurisdiction, pursuant to 25 U.S.C. §1346(b) and 25 U.S.C. § 450, *et seq.* Venue is proper under 28 U.S.C. §§ 1391, 1402(a)(1) and 1402(b).

## FACTS COMMON TO ALL COUNTS

5. The United States of America, through the Department of Interior, Bureau of Indian Affairs, contracts and/or compacts with the BBNA to operate certain programs and/or services, and/or facilities in and about the Bristol Bay Region, including within the Native Village of Togiak, Alaska.

6. BBNA owns and/or operates and/or utilizes an office building located at First Avenue, Togiak, Alaska, known as the "Old Head Start Building" for the purposes of providing a Tribal office for and on behalf of its member Tribe, the Native Village of Togiak. During all times material to this action, BBNA owned and/or operated and/or utilized the Old Head Start Building in Togiak, Alaska, under and pursuant to the compacts and contracts it received, pursuant to the ISDEA.

7. The facilities of the Old Head Start Building in Togiak, Alaska included an exterior stairway, as well as a disabled persons' ramp, for the purpose of the public to enter and exit the building.

8. Upon information and belief, BBNA's maintenance department is responsible for the repair, maintenance and upkeep of the Old Head Start Building in Togiak, Alaska.

9. BBNA, pursuant to its contract and/or compact with the Department of Interior, Bureau of Indian Affairs holds the Old Head Start Building open to the public during regular business hours for the purposes of conducting Tribal and BBNA business.

10. Plaintiff, a Tribal member of the Native Village of Togiak, had business at, and therefore visited, the Old Head Start Building during regular office hours on September 16, 2013. In order to enter the building, Plaintiff used the ramp provided for persons with disabilities.

11. While exiting the building on September 16, 2013, Plaintiff, using due care, descended down the stairs, and as she was descending, slipped and fell due to a missing step on the exterior stairwell, causing her to fall hard on the ground, where she sustained excruciating injuries to her shoulder, back, hip, elbow and knees, including but not limited to a non-displaced insufficiency fracture through the lower sacrum, tendinopathy and partial thickness tearing at the origin of the left hamstring tendons.

12. As a direct and proximate cause of the defective stairway, Plaintiff has been unable to hold her regular employment as an adjunct professor for the University of Alaska

since September 16, 2013, and Plaintiff has, since that date, also been unable to subsistence hunt, fish, gather berries and prepare subsistence food items, all as required for her well-being. Indeed, Plaintiff was required to relocate to Anchorage, Alaska, for a number of months in order to obtain proper medical treatment and care, and incurred additional out-of-pocket expenses for rent, food, transportation, medical care and treatment, lost subsistence, as well as loss of services, lost use and enjoyment of life, and continuing excruciating pain and suffering, which have resulted in Plaintiff being totally disabled from work.

13.     Pursuant to the ISDEA, the claims resulted from BBNA's performance of the functions herein under a contract, grant agreement or cooperative agreement authorized by the ISDEA, BBNA is an Indian contractor within the meaning of the Act, and BBNA is therefore deemed to be a part of the BIA and the Department of the Interior, while carrying out any such contract or agreement, and its employees are deemed employees of the BIA while acting within the scope of their employment in carrying out the contract or agreement.

14.     The United States of America, by and through the Department of the Interior, BIA was negligent due to the failure of its contractor, BBNA, to keep, maintain and repair the premises of the Old Head Start Building in Togiak, Alaska, in a safe condition with due regard to reasonable risks, and as a result, the steps were not maintained, but unkempt in a negligent condition, to wit: they were broken, cracked and were the direct and proximate cause of Plaintiff's injuries complained of herein.

## FIRST CAUSE OF ACTION—PREMISES LIABILITY

15. Plaintiff hereby incorporates and re-alleges paragraphs 1-14 above.

16. The United States, through the BBNA, as the owner and/or occupier of the Old Head Start Building, owed a duty to all foreseeable plaintiffs to use reasonable care to discover and remedy conditions which present an unreasonable risk of harm under the circumstances.

17. The United States, through the BBNA, breached its duty to discover and remedy the broken stairway, which presented an unreasonable risk of harm to visitors at the Old Head Start Building, including Plaintiff herein, given that the likelihood of injury to visitors was foreseeable, and the burden on the United States, through BBNA, to fix the stairway and thereby reduce the risk *de minimis* in view of the foreseeability of harm that would otherwise occur.

18. As a direct and proximate cause of Defendant's breach of its duties of due care to discover and remedy the missing step, Plaintiff suffered injuries when she slipped and fell off the stairway, suffering excruciating injuries to her shoulders, back, hip, elbows and knees.

19. As a direct and proximate cause of Defendant's breach of its duties of care, Plaintiff suffered and continues to suffer, and will in the future suffer physical and emotional pain and suffering, past, present and future loss of income, including but not limited to lost subsistence and services, and the loss of her contract as an adjunct professor, as well as out-of-pocket expenses, medical expenses, past, present and future, living

expenses, past, present and future living expenses, past and future rehabilitation expenses, and loss of use and enjoyment of life.

20. Defendant is liable to Plaintiff for all foreseeable harm, including both compensatory and out-of-pocket damages, as provable at a trial herein, in an amount in excess of $100,000.

WHEREFORE, Plaintiff prays for relief as follows:

1. For judgment in her favor and against Defendant in an amount in excess of $100,000, to be established upon the evidence at trial herein.

2. For costs, interest, and attorney's fees.

3. For any and all other such relief that this court deems just and equitable in the premises.

DATED at Anchorage, Alaska, this 19th day of April, 2016.

> FORTIER & MIKKO, P.C.
> Attorneys for Plaintiff
>
> By:   s/Samuel J. Fortier
>       Samuel J. Fortier, Esq.
>       FORTIER & MIKKO, P.C.
>       1600 A St., Suite 101
>       Anchorage, Alaska 99501
>       Ph:  (907) 277-4222
>       Fax:  (907) 277-4221
>       Email:  sfortier@fortiermikko.com